IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| DON STEBBINS, d/b/a COMMUNITY LIFE MEDIA, Plaintiff, v. THE UNITED STATES, Defendant. | No. 03-2130C (Judge Williams) |

DEFENDANT'S ANSWER

For its answer to the complaint, defendant, the United States, admits, denies, and alleges as follows:

The allegations contained in plaintiff's Statement of Jurisdiction constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required. To the extent they may be deemed allegations of fact, they are denied.

Denies the allegations contained in the first and second sentences of plaintiff's description of "The Parties" for lack of knowledge or information sufficient to form a belief as to their truth. Admits that the United States is the defendant, admits that the United States Forest Service is part of the United States Department of Agriculture ("USDA"), and admits that the Cibola National Forest is within the Southwestern Region; denies the existence of the "Office of the Judicial Officer" within the USDA.

Admits that plaintiff sent a letter on January 3, 2003 to Forest Supervisor Liz Agpaoa, except avers that Liz Agpaoa is not a contracting officer. Otherwise denies the allegations contained in the first sentence of "Procedural History." Admits that the Government did not issue a decision. The remaining allegations contained in "Procedural History" are conclusions of law, and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

1. Admits the allegations in the first sentence of paragraph 1 to the extent supported by the Challenge Cost-Share Agreement ("CSA"), CCS-3-98-03-013, which is the best evidence of its contents; avers that plaintiff's "Exhibit A" omits the final page of the CSA, the "Financial Project Plan"; otherwise denies the allegations contained in sentence one of paragraph 1. Denies the allegations in the second sentence of paragraph 1, and avers that the CSA was signed by Ken Knarr, Acting Forest Supervisor. Admits the allegations in sentence 3 of paragraph 1 to the extent supported by the CSA, which is the best evidence of its contents. Denies the allegations in the fourth sentence of paragraph 1. Admits that the vista from Sandia Crest is extensive; otherwise denies the allegations in the fifth sentence of paragraph 1.

Denies the allegations in sentence 6 of paragraph 1, and avers that the agency's intentions were set forth in the CSA, the CSA being the best evidence of its contents. Denies the allegations in sentence 7 of paragraph 1. Denies the allegations contained in sentence 8 of paragraph 1 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations in the ninth sentence of paragraph 1 to the extent supported by the CSA, which is the best evidence of its contents; otherwise denies the allegations contained in sentence nine of paragraph 1. Denies the allegations contained in sentence 10 of paragraph 1 for lack of knowledge or information sufficient to form a belief as to their truth.

2. Admits the allegations in the first sentence of paragraph 2 to the extent supported by the CSA, which is the best evidence of its contents. Admits the allegations in the second sentence of paragraph 2. Admits the allegations in the third sentence of paragraph 2 to the extent supported by Amendment 1 to the CSA, which is the best evidence of its contents. Admits the allegations in the fourth sentence of paragraph 2 to the extent supported by plaintiff's letter of September 9, 1998, which is the best evidence of its contents. Admits District Ranger Clifford J. Dils sent a letter on February 3, 1999 to plaintiff regarding plaintiff's letter of September 9, 1998, the Feb. 3,

1999 letter being the best evidence of its contents; otherwise denies the allegations in the fifth sentence of paragraph 2.

3. Admits that in March 1999, Bob Cordts sent an unsigned draft of a proposed Memorandum of Understanding to plaintiff, which is the best evidence of its contents; otherwise denies the allegations in sentence one of paragraph 3. Denies the allegations in sentence two of paragraph 3. Denies the allegations contained in sentence three of paragraph 3 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations in sentence four of paragraph 3. Denies the allegations contained in sentence five of paragraph 3 for lack of knowledge or information sufficient to form a belief as to their truth.

4. Admits the allegations in sentence one of paragraph 4 to the extent supported by the Regional Memorandum of Understanding ("Regional MOU"), number 16-R3-99-MOU-33, which is the best evidence of its contents, but avers that the Regional MOU was signed by Louis Volk, Jr., Deputy Regional Forester; otherwise denies the remainder of the allegations contained in paragraph 4.

5. Admits that on or about May 18, 1999, after completion of the observation deck, plaintiff met with representatives of

the agency; otherwise denies the remainder of the allegations in paragraph 5.

6. Admits the allegations in the first sentence of paragraph 6 to the extent supported by Amendment 2 to the CSA, which is the best evidence of its contents, and avers that Larry Cosper, Acting Forest Supervisor, signed Amendment 2; otherwise denies the remainder of the allegations in sentence one of paragraph 6. Admits that Acting District Ranger Karen M. Carter sent a letter to plaintiff on August 11, 1999, the letter being the best evidence of its contents; otherwise denies the allegations in sentences two, three, and four of paragraph 6.

7. Admits that Clifford J. Dils, Sandia District Ranger, sent a letter to plaintiff on February 24, 2000, the letter being the best evidence of its contents; otherwise denies the allegations in the first sentence of paragraph 7. Denies the allegations in the second sentence of paragraph 7. Admits that there were no amendments to the CSA except for Amendments 1 and 2, which are the best evidence of their contents; otherwise denies the allegations in sentence three of paragraph 7. Denies the allegations contained in the fourth sentence of paragraph 7 for lack of knowledge or information sufficient to form a belief as to their truth, and avers that the Feb. 24, 2000 letter sent to plaintiff is the best evidence of its contents. Denies the

allegations contained in sentence five of paragraph 7 for lack of knowledge or information sufficient to form a belief as to their truth.

8. Admits that plaintiff had not obtained approval of any signs; otherwise denies the allegations in sentence one of paragraph 8. Admits that plaintiff attended a meeting with Regional Forester Eleanor S. Towns and other agency representatives on June 15, 2000; otherwise denies the allegations in sentence two of paragraph 8. Denies the allegations in sentence three of paragraph 8.

9. Admits that Regional Forester Eleanor S. Towns sent plaintiff a letter on July 10, 2000, the letter being the best evidence of its contents; otherwise denies the allegations in sentence one of paragraph 9. Denies the allegations in sentence two of paragraph 9. Denies the allegations contained in sentence three of paragraph 9 for lack of knowledge or information sufficient to form a belief as to their truth.

10. Denies the allegations contained in sentence one of paragraph 10 for lack of knowledge or information sufficient to form a belief as to their truth. Allegations contained in the second sentence of paragraph 10 are conclusions of law, and plaintiff's characterization of its case, to which no reply is necessary; to the extent they may be deemed allegations of fact,

they are denied.

11. Defendant incorporates by reference the foregoing responses.

12. Denies the allegations in the first sentence of paragraph 12. Admits the allegations in sentence two of paragraph 12 to the extent supported by the CSA, which is the best evidence of its contents; otherwise denies the allegations in sentence two of paragraph 12 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations in sentence three of paragraph 12. Allegations contained in the fourth and fifth sentences of paragraph 12 are conclusions of law, and plaintiff's characterization of its case, to which no reply is necessary; to the extent they may be deemed allegations of fact, they are denied.

13. Defendant incorporates by reference the foregoing responses.

14. Denies the allegations contained in sentences one and two of paragraph 14. Allegations contained in the third sentence of paragraph 14 are conclusions of law, and plaintiff's characterization of its case, to which no reply is necessary; to the extent they may be deemed allegations of fact, they are denied.

15. Defendant incorporates by reference the foregoing responses.

16. Denies the allegations contained in sentence one of paragraph 16. The allegations contained in sentence two of paragraph 16 are conclusions of law, and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

17. Defendant incorporates by reference the foregoing responses.

18. The allegations contained in sentences one, two, and three of paragraph 18 are conclusions of law, and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

19. Denies that plaintiff is entitled to the relief requested in the "Prayer for Relief" following paragraph 18, or to any relief whatsoever.

20. Denies each and every allegation not previously admitted or otherwise qualified.

FIRST AFFIRMATIVE DEFENSE - FAILURE OF CONSIDERATION

Plaintiff gave nothing of value to defendant pursuant to the CSA.

SECOND AFFIRMATIVE DEFENSE

This Court does not possess subject matter jurisdiction to entertain plaintiff's claim of tortious breach of contract.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

S/ BRYANT G. SNEE
BRYANT G. SNEE
Assistant Director

Of Counsel:

PATRICIA LEIGH DISERT
Attorney
USDA Office of the
General Counsel
Tele: (505) 248-6007
Fax: (505) 248-6013

S/ KELLY B. WEISS
KELLY B. WEISS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L St, N.W.
Washington, D.C. 20530
Tele: (202) 307-1011
Fax: (202) 514-8624

December 29, 2003

Attorneys for Defendant

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify under penalty of perjury that on this __ day of December, 2003, I caused to be placed in the United States mail (first class mail, postage prepaid), copies of "DEFENDANT'S ANSWER" addressed as follows:

John W. Boyd
20 First Plaza
Suite 700 (87102)
P.O. Box 25326
Albuquerque, NM 87125

______________________________