IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DON STEBBINS, d/b/a<br>COMMUNITY LIFE MEDIA,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 03-2130C<br>(Judge Williams) |

JOINT PRELIMINARY STATUS REPORT

Pursuant to Appendix A to the Rules of the United States Court of Federal Claims ("RCFC"), the parties submit this joint preliminary status report ("JPSR").

a. Jurisdiction

Plaintiff states that the Court possesses jurisdiction to hear and decide this action pursuant to 28 U.S.C. § 1491. Defendant believes there may be a basis upon which to challenge the Court's jurisdiction.

b. Should the case be consolidated with any other case?

The parties agree that this case should not be consolidated with any other case.

c. Should trial of liability and damages be bifurcated?

The parties agree that trial of liability and damages should not be bifurcated.

d. Should further proceedings in this case be deferred pending consideration of another case before this Court or any other tribunal?

The parties agree that further proceedings in this case should not be deferred pending consideration of another case before this Court or any other tribunal.

e. In cases other than tax refund actions, will a remand or suspension be sought?

The parties agree that no remand or suspension will be sought.

f. Will additional parties be joined?

The parties agree that no additional parties will be joined.

g. Does either party intend to file a dispositive motion pursuant to Rule 12(b), 12(c), or 56?

At this time, the parties cannot state whether dispositive motions will be filed. After sufficient discovery has been completed, the parties may submit cross-motions for summary judgment pursuant to RCFC 56. Defendant may submit a motion to dismiss pursuant to RCFC 12(b).

h. What are the relevant factual and legal issues?

Plaintiff's Issues:

(1) Whether Cibola breached the Cost Share Agreement ("CSA") by failing to allow CLM to obtain sponsorship.

(2) Whether Cibola breached the CSA by terminating the agreement with CLM.

(3) Whether Cibola breached the implied-in-fact Memorandum of Understanding ("MOU") contract.

(4) Whether Cibola breached the implied duty of good faith and fair dealing, when in bad faith, Cibola intentionally set out to deprive CLM of the benefits of the CSA and MOU.

(5) Whether Cibola tortiously breached the CSA and MOU.

Defendant's Issues:

(1) Whether the Court possesses jurisdiction to entertain plaintiff's claim if the Cost-Share Agreement ("CSA"), upon which plaintiff's claim for breach of an express contract relies, is an illusory contract.

(2) Whether the CSA is an enforceable contract and, if so, whether the defendant breached the agreement when it decided not to renew the CSA.

(3) Whether the CSA is enforceable where there is a failure of consideration.

(4) Whether the Court possesses jurisdiction to entertain plaintiff's claim for breach of an implied-in-fact contract, based upon an unsigned Memorandum of Understanding ("MOU"), if plaintiff cannot establish the elements of an implied-in-fact contract.

(5) Whether the plaintiff can maintain a claim based upon alleged breach of the implied duty of good faith and fair dealing where there was no enforceable contract between the parties.

(6) Whether the Court possesses jurisdiction to entertain plaintiff's claim of tortious breach of contract if plaintiff cannot establish the existence of an express or implied-in-fact contract with defendant or, if there was an enforceable contract, where there was no breach.

i. What is the likelihood of settlement? Is alternative dispute resolution contemplated?

The parties intend to engage in settlement discussions and will make every effort to resolve this case amicably. The parties will pursue settlement negotiations as the litigation progresses. The parties have also agreed to consider, at an appropriate time, whether to pursue alternative dispute resolution.

j. Do the parties anticipate proceeding to trial?

As stated above, after sufficient discovery has been completed, the parties may submit cross-motions for summary judgment pursuant to RCFC 56. Defendant may also submit a motion to dismiss pursuant to RCFC 12(b). If dispositive motions are not submitted, or if they are not completely dispositive of this action, the parties anticipate proceeding to trial. At this time, the parties do not request expedited trial scheduling.

k. Are there special issues regarding electronic case management needs?

No.

l. Is there other information of which the Court should be aware at this time?

No.

m. Joint Proposed Scheduling Plan

The parties agree that fact discovery will be completed by September 15, 2004. The parties agree that initial expert discovery will be completed by November 15, 2004, and expert rebuttal discovery shall be completed by December 15, 2004.

CONCLUSION

The parties respectfully request that the Court approve the schedule proposed above.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/

JOHN W. BOYD
Attorney
Freedman, Boyd, Daniels,
Hollander, Goldberg & Cline P.A.
20 First Plaza, Suite 700
P.O. Box 25326
Albuquerque, NM 87125
Tele: (505) 842-9960
Fax: (505) 842-0761

February 19, 2004

Attorney for Plaintiff

BRYANT G. SNEE
Assistant Director

KELLY B. WEISS
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L St, N.W.
Washington, D.C. 20530
Tele: (202) 307-1011
Fax: (202) 514-8624

February 19, 2004

Attorneys for Defendant

**CERTIFICATE OF FILING**

I hereby certify that on February 19, 2004, a copy of the foregoing "Joint Preliminary Status Report" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's Electronic Filing system. Parties may access this filing through the Court's system.

FREEDMAN BOYD DANIELS HOLLANDER
GOLDBERG & CLINE P.A.

s/
By: ______________________________
John Boyd
Sara Berger
20 First Plaza, Suite 700 (87102)
P.O. Box 25326
Albuquerque, NM 87125
(505) 842-9960

Attorneys for Plaintiff

CERTIFICATE OF FILING

I hereby certify that on February 19, 2004, a copy of the foregoing "JOINT PRELIMINARY STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ KELLY B. WEISS